UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEE ARTHUR JOHNSON, et al.,<br><br>                          Plaintiffs,<br>v.<br>PAUL JOSEPH CARMOUCHE, et al.,<br><br>                          Defendants. | Case No. 2:15-cv-00597-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff's failure to comply with this court's Order (Dkt. #5) and Order to Show Cause (Dkt. #6).

On April 21, 2015, the court entered an Order (Dkt. #5) requiring Plaintiff to file a certificate of interested parties in compliance with Local Rule 7.1-1 on or before May 4, 2015. The order warned Plaintiff that his failure to comply "may result in the issuance of an order to show cause why sanctions should not be imposed." *Id.* Plaintiff failed to file his certificate of interested parties and did not request an extension of time in which to comply with the court's Order (Dkt. #5).

On April 21, 2015, the court entered an Order to Show Cause (Dkt. #6) because Plaintiff failed to comply with the court's previous Order (Dkt. #5). The court directed Plaintiff to show cause in writing no later than June 1, 2015, why he had not complied with the court's Order (Dkt. #5). The Order to Show Cause (Dkt. #6) advised Plaintiff that "[f]ailing to comply with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the court's orders may result in sanctions, up to and including case-dispositive sanctions." Plaintiff failed to file a response to the Order to Show Cause (Dkt. #6), and has not requested an extension of time in which to do so.

/ / /

1         Chambers staff attempted to reach counsel for Plaintiff at the phone numbers provided on the complaint and on the docket to provide courtesy notice that this report and recommendation would be made if he did not respond. Staff left 3 separate detailed voicemail messages on a device that stated the Peterson Litigation Group had been reached. Despite these additional efforts counsel did not return any of the messages and has still not filed the certificate of interested parties or responded to the order or order to show cause.

         Plaintiff's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. The certificate of interested parties is required for the court to assess whether a conflict of interest exists which requires the assigned judge(s) to disqualify himself or herself. Sanctions less drastic than dismissal are unavailable because Plaintiff has willfully refused to comply with multiple court Orders and the Local Rules of Practice.

         Accordingly,

         **IT IS ORDERED** as counsel for Plaintiff is apparently not looking at his notices of electronic filing or responding to phone calls, the Clerk of Court shall serve a copy of this report and recommendation on counsel by mail.

         **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed unless he files the certificate of interested parties no later than **June 29, 2015.**

         DATED this 15th day of June, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2