UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEE ARTHUR JOHNSON, et al., | Case No. 2:15-cv-00597-JCM-PAL |
| Plaintiffs, | ORDER |
| v. | |
| PAUL JOSEPH CARMOUCHE, et al., | |
| Defendants. | |

Presently before the court is defendants', Paul Carmouche and Weems, Schimpf, Gisoul, Haines, Landry, Schemwell ("defendants"), motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. # 7). Plaintiffs Lee Arthur Johnson, Carrie Cille Johnson, and Johnson & Riley, LLC ("plaintiffs") filed a response to the motion. (Doc. #14). Defendants filed a reply. (Doc. #18).

I.  **Background**

Plaintiffs are residents of Nevada and owners of real estate situated in Bienville Parish, Louisiana. In 1985, plaintiff Lee Johnson, along with his six brothers, entered into a family contract dividing 70-acres of their parents' real property in Louisiana. Defendants allege that the family contract gave each brother the right of first refusal should a brother try to sell his interest in the property. In 2006, plaintiff Lee Johnson purchased his brother's, Louis Perry Johnson, interest in the land. Andrew Johnson and Paul Johnson, two other brothers, hired the defendants to represent them in a rescission of contract lawsuit based on the premise that the sale violated the family contract.

In October of 2009, defendants, on behalf of their clients Andrew Johnson and Paul Johnson, filed a petition for rescission of contract in Louisiana. Defendants served process upon

plaintiffs at their residence in Nevada for their participation in the Louisiana lawsuit. Defendants litigated the lawsuit in Louisiana and plaintiffs prevailed at trial. Prior to October 2009, plaintiffs entered into an oil, gas and mineral lease with Hunter Energy Corporation which proved productive of natural gas. (Doc. #14 at 3). Plaintiffs allege that defendants filed a sham lawsuit to participate in the revenues being generated by the natural gas land lease. *Id.*

Plaintiffs' complaint seeks three causes of action: (1) abuse of process; (2) intentional infliction of emotional distress; and (3) intentional interference with contractual relations. (Doc. #1). Defendants move to dismiss the complaint for lack of personal jurisdiction. (Doc. #7).

**II.     Legal Standard**

    **a.     Motion to dismiss for lack of personal jurisdiction**

To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the burden of demonstrating that his or her allegations would establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. V. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." N.R.S. § 14.065.  An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). For specific jurisdiction, a plaintiff must demonstrate that each nonresident defendant has at least "minimum contacts" with the relevant forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

In order to establish personal jurisdiction over defendant within the confines of due process, plaintiff must either show: (1) general jurisdiction, or (2) specific jurisdiction. *F.D.I.C. v. British-American Ins. Co., Ltd.,* 828 F.2d 1439, 1441 (9th Cir. 1987). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum state." *Walden v. Fiore*, 134 S.Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014).

/ / /

/ / /

### III. Discussion

#### a. Motion to dismiss for lack of personal jurisdiction

Defendants argue that the court should dismiss this case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Defendants assert their connections with Nevada are insufficient to establish the minimum contacts required for Nevada courts to exercise jurisdiction over them. (Doc. # 7).

Plaintiffs oppose defendants' motion and argue that personal jurisdiction over defendants is proper because defendants' tortious abuse of process constitutes purposeful entry into Nevada. (Doc. # 14 at 2).

##### i. General jurisdiction over defendants

General jurisdiction is appropriate where a defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant is essentially at home in the forum. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to 'constitute the kind of continuous and systematic general business contacts that approximate physical presence.'" *In re W. States Wholesale Natural Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (citations omitted). A finding of general jurisdiction must be a stringent standard because it permits a defendant to be haled into court in the forum state to answer for its activities anywhere in the world. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

The court primarily considers the place of incorporation and the principal place of business when determining general jurisdiction of a corporation. *Daimler*, 134 S.Ct. at 760.

Plaintiffs allege "a single act of tortious abuse of process" gives rise to this suit. (Doc. #14 at 2). However, a single contact with the state of Nevada cannot be considered continuous or systematic and is not enough to approximate a physical presence in Nevada. Defendants contend they do not perform business services to the state of Nevada. Defendants are not registered or licensed to do business in Nevada, do not own property in Nevada, have never traveled to Nevada, and have never been admitted pro hac vice into a Nevada court. Additionally, defendants have never consented to personal jurisdiction in Nevada. (Doc. #7-1 at 2). Therefore, no basis exists for

defendants to anticipate being haled into a Nevada court.

Furthermore, defendant Weems Law Firm is incorporated under the laws of Louisiana with its personal place of business in Louisiana and therefore is not subject to general jurisdiction in Nevada under the *Daimler* test. *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014).

Accordingly, this court finds defendants' contacts with Nevada are far from substantial or continuous, and the court cannot exercise general personal jurisdiction over defendants.

### ii. Specific jurisdiction over defendants

The inquiry into whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden*, 134 S.Ct. at 1121. For a state to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a substantial connection with the forum state. *Id.*

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted). The court applies the purposeful availment test for cases involving a contractual dispute, whereas the purposeful direction test is used for tort matters. *Schwarzenegger*, 374 F.3d at 801.

### 1. Purposeful availment

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum state are such that [the defendant] should reasonably anticipate being haled into court there." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell*

4

& *Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

Plaintiffs allege that defendants' contact with the forum state is sufficient because defendants effectuated service of process to plaintiffs within the state of Nevada. On its own, service of documents in connection with a suit is not sufficient contact with the forum to justify exercise of personal jurisdiction. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1209 (9th Cir. 2006) (finding service documents in connection with a suit brought in a foreign court are not regarded as contacts that justify exercise of personal jurisdiction). Additionally, the fact that plaintiffs are Nevada residents does not confer personal jurisdiction upon defendants. *See, Walden*, 134 S.Ct. at 1121 (holding that plaintiffs cannot be the defendant's only connection to the forum state).

There is no relationship between the defendants and the forum state. Defendants, at the behest of their clients, filed a lawsuit in Louisiana concerning plaintiff Lee Arthur Johnson's real property interest in Louisiana. To initiate the lawsuit, the laws of Louisiana required defendants, as attorneys, to serve plaintiffs at their residence, which happened to be in Nevada. Plaintiffs' location in Nevada is defendants only connection to the forum state.

Defendants' single act of effectuating service on plaintiffs in Nevada is not a significant connection to the state of Nevada. Defendant argues "it is not foreseeable that an attorney and law firm . . . serv[ing] an out-of-state defendant through certified U.S. mail will become subject to jurisdiction of the out-of-state defendant's state of residence." (Doc. 7 at 8). This court agrees. Defendants have never consented to personal jurisdiction in Nevada. (Doc. #7-1 at 2). As a result, effectuating service upon a party to litigation cannot automatically confer personal jurisdiction over the serving attorney in that forum. It is plaintiffs who should reasonably expect to be haled into a Louisiana court as a result of owning real property located in the state of Louisiana.

### 2. Purposeful direction

As plaintiffs assert tort claims, purposeful direction is the proper test. The U.S. Supreme Court outlined a three-part "effects test" to evaluate purposeful direction. *Calder v. Jones*, 458 U.S. 783, 104 S. Ct. 1482 (1984). To find purposeful direction the defendant must have 1)

committed an intentional act, 2) expressly aimed at the forum state, 3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id*. Evidence of direction usually consists of conduct taking place outside the forum that the defendant directs at the forum. *Schwarzenegger,* 374 F.3d at 799. In *Schwarzenegger,* defendant's intentional act—the creation and publication of the advertisement—was found to be expressly aimed at Ohio rather than California. *Schwarzenegger,* 374 F.3d at 807.

Plaintiffs rely on the third element of the *Calder* test and contend personal jurisdiction is proper because the defendants allegedly caused harm to plaintiffs in Nevada. (Doc. 14 at 7-8). However, plaintiffs cannot meet their burden of proving the first and second elements of the *Calder* test: that defendants committed an intentional act aimed at the forum state.

Defendants' intentional act was expressly aimed at Louisiana, not Nevada. (Doc. 7 at 10-11). The act was to represent their clients in the Louisiana lawsuit by serving plaintiffs at their residence. The fact that plaintiffs resided in Nevada was incidental. Therefore, plaintiffs have not adequately shown defendants purposefully directed their activities towards the state of Nevada. As plaintiffs have failed to sustain their burden with respect to the first prong of the three-part test for specific personal jurisdiction, we need not, and do not, reach the second and third prongs of the test. *Schwarzenegger*, 374 F.3d at 802.

This court finds that defendants have insufficient contacts with Nevada to warrant specific personal jurisdiction and thus, this court's exercise of personal jurisdiction over defendants would not comport with due process.

**IV.   Conclusion**

The court finds that plaintiffs have failed to establish that the defendants have sufficient minimum contacts with the state of Nevada. Therefore, the court will grant defendants' motion to dismiss for lack of personal jurisdiction without prejudice so that plaintiffs may file their case in the appropriate forum if they desire.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss for lack of personal jurisdiction, (doc. # 7), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the instant case be, and the same herby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED THIS 4th day of November, 2015.

                                              JAMES C. MAHAN
                                              UNITED STATES DISTRICT JUDGE